Southard J.
This was an action of debt, brought by Vanhise against Nixon, and the state of demand sets out the following case. Vanhise became bound, in writing, *566 on 16th September 1816, to Tilton Pearce, a constable, for delivery to him, of certain goods, taken in execution as ^]ie pr0perty of Samuel Nixon, father of Levi. Levi Nixon, claimed the goods as his own property, and prevented Vanhise from delivering them to the constable, in consequence of which, the constable sued VanMse, and recovered judgment against him'. Levi Nixon became the security of Vanhise, in a certiorari bond, and the judgment was reversed by the Supreme Court. At the time Levi Nixon signed the certiorari bond, and at subsequent times he undertook and promised Vanhise that he would indemnify and save him from, and pay all costs and damages, to which he had already or should thereafter be put by any suit or suits brought against him by the constable on this account. The constable afterward, 13th December 1817, obtained judgment against Vanhise for 44 dollars, 37 cents, damages, and 7 dollars, 57 cents> costs, in all 51 dollars, 87 cents. Levi Nixon refused to pay these costs and damages, and Vanhise brought this suit, &c. There -was a hearing in the absence of the defendant and judgment for 52 dollars, 37 cents, with costs. At the trial, two witnesses swore, that they had heard “ the parties, in the presence of each other, repeat the contract substantially as set forth in the state of demand,” and that Nixon had paid Vanhise “ one dollar for that purpose, promising 'to pay him such further sums from time to *time, as should be wanting, or he should be obliged to pay, in consequence of said agreement.” But no evidence of any kind was given of any written contract between the parties.
The counsel for the plaintiff, in certiorari, objects to this state of demand, that it is vague and uncertain ; and is founded on a parol contract to answer for the debt, default or miscarriage of another, and therefore illegal. Let us look at it. Vanhise, without any promise or consideration passing from Nixon to him, or moving him thereto, had entered into a written contract to the constable, which he was unable to perform. His failure subjected him to suit and judgment. After this had been done, after the contract had been made, broken and the breach punished, a third person comes forward and *567 promises to pay tlxe damages. Is this promise legal and binding? Why was it made? Did any consideration j ustify it ? (a) 1 see none. Was there any obligation on the party promising to bear these damages? None is shewn. The act was the act of Vanhise; the contract was his ; the damages were laid on him. Why should Nixon voluntarily pay them? The consideration was past; the default wras that of another ; the contract should have been in writing to have made it binding.
This view of the case is certainly correct, unless its aspect is changed by the considerations so ingeniously pressed in argument, by the counsel for the defendant. 1. The contract made by Vanhise, was to protect and relieve the defendant’s father, and furnishes a moral obligation on the son, to save him harmless, which is sufficient consideration to support the contract. (b) But is this true ? Is there such an obligation on the son ? I think not. It is not every benefit rendered in this way to a father, which furnishes a consideration to support a legal promise in the son. But if it were so, the promise to be binding ought to precede the benefit and move to its performance. This is not so in the case before us. 2. This contract, made by Vanhise, which subjected him to damage, was violated through the act of Nixon, which prevented its performance, and therefore Nixon could legally promise to pay the damages resulting from his own act. But the answer is still true, that the consideration of Nixon’s promise was already past, and that it was the default of another. Besides, whatever interest Nixon had in the violation of Vanhise’s engagement, he had none in the engagement itself. *On the contrary, it was an undertaking to deliver up to the officer, to be sold, goods which Nixon claimed as his own property; a promise to deprive Nixon of his own goods.
*568 I think the judgment on such a state of demand cannot supported.
Judgment reversed.

 See Shepherd vs. Layton, Pen. *618. Morford vs. Vunck, Pen. *1032. Bigelow vs. Pine, Pen. *523. Youngs vs. Shough, 3 Gr. 27. Laing vs. Lee, Spen. 337.

 Whether a moral obligation is sufficient consideration, see Wood vs. Gill, Coxe 449. Updike vs. Titus, 2 Beas. 151. Force vs. Haines, 2 Har. 394. Kearney vs. Kearney, 2 C. E. Gr. 59. Layton vs. Cooper, Pen. *65. Youngs vs. Shough, 3 Gr. 27. Morgan vs. Watson, 1 Har. 417.